UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    **Hon. Hugh B. Scott**

                                                      11CR116S

VICTOR ANGUIERA, et al.,                              **Order**

                        Defendants.

Before the Court is defendants' motions for various discovery and other forms of pretrial

relief (Docket Nos. 34, Cruz-Hernandez, 50, Ortiz-Rosa, 51, Areizaga-Rose)[1].  Four other

defendants[2] in this case did not file omnibus motions.  All three moving defendants seek (or join

in seeking) the following relief:  filing of Bills of Particulars; discovery; production of Brady

material; Jencks Act materials; disclosure of the identity of informants.  Some of the defendants

(either individually or jointly, where indicated) also seek production of the witnesses' testimony

before the Grand Jury; production of Federal Rules of Evidence 404(b), 608, and 609 materials;

disclosure of informants' notes, nicknames, and photographs; the Government's expert

disclosure; production of medical records; preservation of Government agents' notes and

---

[1]A fourth defendant, Victor Monge, also moved for relief, Docket No. 53.  Due to a
conflict, this Court recused as to Monge, Docket No. 58.  During oral argument on March 16,
2012, Monge's defense counsel objected to the manner of production by the Government, stating
his inability to link specific discovery produced to a given defendant, problems in accessing the
material by the format provided, the lack of an index of the materials produced, and the potential
for spill over prejudice (text minute entry, Mar. 16, 2012).  Given the recusal and the fact that
other defendants have not joined in this contention, this Order will not address the manner of the
Government' s production.

[2]Victor Anguiera, Boris Aguayo-Matos, Jose Altreche, and Jesus Trinidad-Rivera.

evidence; and exclusion of statements of non-testifying co-conspirators.  Where relief is sought

by all three movants, it will apply to each movant.  Areizaga-Rosa also individually seeks an

audibility hearing, production of Government summaries, voir dire of Government experts

outside the presence of the jury, exclusion of hearsay under Crawford v. Washington, 541 U.S.

36 (2004), and production or notice of defendant's statements that might be subject to a

suppression motion, requesting a suppression hearing if necessary (Docket No. 51).  Some of the

relief sought for excluding non-testifying co-conspirators statements, for an audibility hearing,

production of Government summaries, conducting expert voir dire, and exclusion of hearsay

under Crawford are better considered by the District Judge prior to trial and are **deferred** for that

consideration.

Defendants separately have also moved for forms of dispositive relief (Docket No. 34,

Cruz-Hernandez motion to dismiss the Indictment, motion for severance) that will be addressed

in separate Report and Recommendations (Docket No. 59).

The Government submitted a consolidated response to these motions (Docket No. 55),

and cross-moved for reciprocal discovery (id. ¶¶ 39-41).  These motions and cross-motions were

argued on March 16, 2012, where defense counsel objected to the manner of production by the

Government, stating their inability to link specific discovery produced to a given defendant,

problems in accessing the material by the format provided, the lack of an index of the materials

produced, and the potential for spill over prejudice (text minute entry, Mar. 16, 2012).  These

motions were deemed submitted following argument (id.).

BACKGROUND

The Indictment in this case charged eight[3] defendants with conspiracy to possess with the

intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A), prior to April 2009 to March 17, 2011, and alleged a forfeiture allegation (Docket

No. 1, Indict.).

DISCUSSION

I.      Jointly Sought Relief

        A.      Bills of Particulars

        All defendants seeks separate Bills of Particulars (Docket Nos. 34, Cruz-Hernandez Atty.

Affirm. ¶¶ 21-24; No. 50, Ortiz-Rosa Atty. Aff. ¶ 4, at I. E., Ex. A (detention hearing transcript,

Apr. 26, 2011, stating Ortiz-Rosa's limited role in this case)); No. 51, Areizaga-Rosa Motion,

Sec. XVI (1-11)).  Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court

may direct the filing of a Bill of Particulars.  During oral argument, Areizaga-Rosa contends that

he had come into Buffalo on the date the search warrant was executed, that he had no connection

with the other defendants, and thus needed a Bill of Particulars aside from the bare bones

allegation of violation of the statute contained in the Indictment.  Cruz-Hernandez seeks a Bill to

particularize the date, time, and places of the alleged conspiracy.

        The Government responds that the Indictment was sufficient and a demand for a Bill of

Particulars should be denied (Docket No. 55, Gov't Atty. Aff. ¶¶ 23, 24-29).  Also, the

---

[3]Anguiera, Monge, Aguayo-Matos, Alterche, Trinidad-Rivera, Jonathan Cruz-Hernandez, Ricardo Ortiz-Rosa, and Nelson Areizaga-Rosa.

Government points to the volume of discovery provided to each defendant that makes a Bill of

Particulars unnecessary (id. ¶ 23).

Bills of Particulars are to be used only to protect a defendant from double jeopardy, to

enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres,

901 F.2d 205 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its

legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v.

Leonelli, 428 F. Supp.  880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which

the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377

(2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in

conspiracy cases, United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988), but the Government

need not prove overt acts in furtherance of the conspiracy, United States v. Knuckles, 581 F.2d

305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978), or particularize on the facts surrounding the

formation of the conspiracy or when a given defendant joins it, United States v. Iannelli,

53 F.R.D. 482 (S.D.N.Y. 1971) (id. ¶ 29).  While it is within this Court's sound discretion to

order the filing of a Bill of Particulars, Wong Tai v. United States, 273 U.S. 77, 82 (1927), the

burden is upon defendants to show that non-disclosure of the requested particulars would lead to

prejudicial surprise at trial or would adversely affect defendants' rights, id. (Docket No. 55,

Gov't Atty. Aff. ¶ 24).  Any particularization confines the Government's proof to the particulars

furnished, United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963); United States v. Murray,

297 F.2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828 (1962) (id. ¶ 27).

Count I of the Indictment alleges that "beginning sometime prior to in or about

April 2009, the exact date being unknown, and continuing up to on or about March 17, 2011, in

the Western District of New York, and elsewhere, the defendants," knowingly, willfully, and

unlawfully conspired to agree to possess one kilogram or more of heroin with the intent to

distribute and to distribute the same (Docket No. 1, Indict.).  Upon review of the Indictment and

the extent of discovery produced in this case to defendants, this Court finds that each defendant is

**not entitled** to a Bill of Particulars from the Government here inasmuch as each defendant is

sufficiently advised of the charges against him to allow for the proper preparation of a defense, to

avoid surprise at trial, and to protect the defendant from double jeopardy.

B.      Discovery

Defendants next seek various items of pretrial discovery.  The Government contends that

it has and will provide voluntary discovery, but declines to produce anything else beyond the

scope of Rule 16 (Docket No. 55, Gov't Atty. Aff. ¶ 4, Exs. A, B).  Test results and reports have

been made available to defendants (id. ¶ 5) and tangible objects and photographs will be made

available (id. ¶ 6).

Although there is no general constitutional right to pretrial discovery in a federal criminal

case, a defendant does have a pretrial discovery right with respect to certain matters.  For

example, under the Fifth Amendment's due process clause, a defendant is entitled to specific

exculpatory evidence which is material either to guilt or punishment.  In addition, the

government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal

Procedure and the Jencks Act, 18 U.S.C. § 3500.

C.      Brady

Defendants each have requested that the Government disclose all materials potentially

favorable to them, including information to be used for the impeachment of the Government's

witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 105 (1979), and their progeny.  <u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [Government's] witness," <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

Defendants' motions identify numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain.  The Government's written response is that it acknowledged its obligations and declared that it was not in possession of any "exculpatory" material (Docket No. 55, Gov't Atty. Aff. ¶ 19).  While disagreeing with the scope of claimed <u>Brady</u> materials sought, the Government agrees also to provide impeachment <u>Brady</u> material (<u>id.</u> ¶¶ 20, 21).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this District (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

D.     Jencks Act

Defendants seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 34, Cruz-Hernandez Atty. Affirm. ¶ 41 (seeking "early" disclosure "in a timely fashion before trial" to avoid requests for continuances); Docket No. 50, Ortiz-Rosa Atty.

6

Aff. ¶ 4, at I. H. (seeking at least 60 days prior to trial for production); Docket No. 51, Areizaga-Rosa Motion at II., at page 12 (seeking disclosure at least 30 days before trial), at V., at pages 18-19).  The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.  In this case, the Government has agreed to disclose this information (Docket No. 55, Gov't Atty. Aff. ¶ 8) but without stating when that would occur.  The Government shall disclose Jencks Act information **prior to trial as ordered in the District Court's final pretrial Order**.

E.      Identity of Informants

Defendants next seek the pre-trial disclosure of the identity of any informants in this case (Docket No. 34, Cruz-Hernandez Atty. Affirm. ¶ 36; Docket No. 50, Ortiz-Rosa Atty. Aff. ¶ 4, at I. G.; Docket No. 51, Areizaga-Rosa Motion, I. at page 4).  Ortiz-Rosa also seeks production of informants' notes, nicknames, and photographs (Docket No. 50, Atty. Aff. ¶ 4, at I. G.).  The Government declines to provide the names and addresses of potential witnesses and will not disclose the identity of informants absent a showing that disclosure is essential for preparation for trial (Docket No. 55, Gov't Atty. Aff. ¶ 10).

The Government is not required to furnish the identities of informants unless it is essential to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.), <u>cert. denied</u>, 489 U.S. 1089 (1988).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.  <u>United States v. Bejasa</u>, 904 F.2d 137, 139 (2d Cir.), <u>cert. denied</u>, 498 U.S. 921 (1990).

Defendants each have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses.  This request is **denied**.

II.     Relief Sought by Two Defendants

      A.     Federal Rules of Evidence Disclosure

            1.     Rule 404(b)

Both Cruz-Hernandez (Docket No. 34) and Areizaga-Rosa (Docket No. 51) seek disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 34, Cruz-Hernandez Atty. Affirm. ¶ 42; Docket No. 51, Areizaga-Rosa Motion at IV., at page 17).  The Government agrees to disclose defendants' arrest records (Docket No. 55, Gov't Atty. Aff. ¶ 7).

            2.     Rules 608, 609

Areizaga-Rosa next seeks disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (Docket No. 51, Arezigara-Rosa Motion at IV., at 17).  Although stated above that the Government agrees to disclose defendants' arrest records (Docket No. 55, Gov't Atty. Aff. ¶ 7), the Government does not address other prior bad acts it intends to introduce at trial.  The Government **is to produce** other bad act information it intends to introduce at trial.

      B.     Preservation of Rough Notes and Evidence

Both Ortiz-Rosa (Docket No. 50, Atty. Aff. ¶ 4, at I. K.) and Areizaga-Rosa (Docket No. 51, at VII., at page 19) seek preservation of agents' rough notes and other evidence.  Generally, the Government states that there is no basis to provide them if they exist but that such notes (if they exist) will be maintained (Docket No. 55, Gov't Atty. Aff. ¶ 8).  This **is sufficient**.

C.      Pretrial Disclosure of Witness Lists

Cruz-Hernandez seeks disclosure of witness lists at least one week before trial (Docket No. 34, Atty. Affirm. ¶ 40) and Ortiz-Rosa also seeks a list of Government witnesses (Docket No. 50, ¶ 4, at I. D.).  While declining to identify all potential witnesses (Docket No. 55, Gov't Atty. Aff. ¶ 9), the Government has not addressed the timing of producing its witness list relative to trial.  This request is best considered by the trial Court in its final pretrial Order.

III.     Ortiz-Rosa's Remaining Discovery Motions

Ortiz-Rosa seeks other forms of relief.  First, he seeks witness testimony before the Grand Jury (Docket No. 50, ¶ 4, at I. A.).  The Government responds that producing Grand Jury transcripts is unwarranted and Ortiz-Rosa has not made the requisite showing of particularized need for these transcripts (Docket No. 55, Gov't Atty. Aff. ¶ 32).

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury.  The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id.  Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss Indictment).  A defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs the principle of Grand Jury secrecy, Pittsburgh Plate Glass Co. v. United States,

360 U.S. 395, 400 (1959).  There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial.  Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)).  The burden is upon the defendant to show a particularized need exists that outweighs the policy of Grand Jury secrecy, id.  Particularized need includes impeachment of a witness at trial, refreshing recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).  "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct," Torres, supra, 901 F.2d at 233, and (even if disclosed) "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Torres, supra, 901 F.2d at 233.

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendants have not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not make out a particularized need, listing the circumstances of particularized need).  Merely stating the desire to make a vigorous defense in general or the lack of particularization in the Indictment does not show a particular need for a given portion of the Grand Jury testimony (such as specifying which witness's testimony is necessary for that vigorous defense) or show whether that Grand Jury testimony is needed for impeachment, refreshing recollection or testing credibility.

The motion on this ground is **denied**.

10

Second, Ortiz-Rosa seeks expert disclosure from the Government, in particular regarding the weight of the drugs found (Docket No. 50, ¶ 4, at I. C.).  The Government claims that it has provided results and reports and scientific test (Docket No. 55, Gov't Atty. Aff. ¶ 4).  This is **sufficient**.

IV.     Areizaga-Rosa's Statements

Areizaga-Rosa seeks production or notice of defendant's statements that might be subject to a suppression motion, requesting a suppression hearing if necessary (Docket No. 51, Motion at XV., 26-27).  The Government responds that it has produced Areizaga-Rosa's statements attributed to him by law enforcement personnel effecting his arrest or otherwise and the Government concedes an evidentiary hearing may be necessary.

A suppression hearing will be held on **Thursday, May 17, 2012, at 10 am**, before the undersigned.

VI.     Government's Reciprocal Discovery Cross-Motion

In its response, the Government moved for reciprocal discovery, including advance disclosure of statements defendants intend to use (Docket No. 55, Gov't Atty. Aff. ¶¶ 39, 40, 41). , without any apparent objection by any defendant.  Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.  Defendant is reminded of his or her obligations under Rule 16 and Federal Rules of Evidence 803(24) and 804(b)(5) to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 55, Gov't Atty. Aff. ¶¶ 39-41) is **granted**.

CONCLUSION

For the reasons stated above, defendant Jonathan Cruz-Hernandez' omnibus motion (Docket No. 34) is **granted in part, denied in part**, defendant Ricardo Ortiz-Rosa's motion (Docket No. 50) is **granted in part, denied in part**, and defendant Nelson Areizaga-Rosa's motion (Docket No. 51) is **granted in part, denied in part**, as discussed above.  The Government's motion for reciprocal discovery (Docket No. 55, Gov't Atty. Aff. ¶¶ 39-41) is **granted**.

A suppression hearing as to Areizaga-Rosa will be held on **Thursday, May 17, 2012, at 10 am**, before the undersigned.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 12, 2012