UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  **DECISION AND ORDER**
                                                          11-CR-116S (8)

NELSON AREIZAGA-ROSA,

                Defendant.

Presently before this Court is Defendant Nelson Areizaga-Rosa's Motion for Reconsideration (Docket No. 376) of this Court's Order (Docket No. 375) denying his Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Defendant maintains that this Court erred in finding him ineligible for a reduction in his sentence under Amendments 782 and 788 of the United States Sentencing Guidelines, which together modify U.S.S.G. § 2D1.1 to lower sentencing ranges for certain categories of drug-related offenses. For the following reasons, and those stated in this Court's initial Order (Docket No. 375), Defendant's motion is denied.

On December 13, 2013, Defendant pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 231.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that, notwithstanding the applicable advisory guideline range, a sentence of 180 months was appropriate. (Id.) This Court sentenced Defendant to the agreed upon 180 months on April 1, 2014. (Docket No. 272.)

Thereafter, on July 20, 2015, Defendant moved for a reduction in his sentence

under 18 U.S.C. § 3582(c)(2) based on amendments to the United States Sentencing Guidelines that reduced sentencing ranges for certain categories of drug-related offenses. (Docket No. 361.) This Court denied Defendant's motion on October 28, 2015, finding him ineligible for the reduction he sought. (Docket No. 375.) Defendant now moves for reconsideration of that decision.

A court may modify a term of imprisonment once it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added). Whether a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement, which requires imposition of the sentence set forth in the accepted plea agreement,[1] is "based on" a sentencing range set forth in the Guidelines was at issue in Freeman v. United States. -- U.S. --, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011).

In Freeman, a four-justice plurality concluded that a judge who previously imposed a sentence based on a Rule 11(c)(1)(C) plea should be able to "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the [Rule 11(c)(1)(C) plea] agreement." Id. at 2692-93. Justice Sotomayor agreed with the plurality, but on

---

[1] Rule 11(c)(1)(C) provides as follows:

> An attorney for the government and the defendant's attorney, or the defendant, when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

narrower grounds.

In Justice Sotomayor's view, a sentence imposed pursuant to a Rule 11(c)(1)(C) plea is "based on" the Guidelines only if the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." Id. at 2695 (Sotomayor, J., concurring).  A plea agreement expressly uses a Guidelines sentencing range, for example, when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or the agreement "makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty . . . [a]s long as that sentencing range is evident from the agreement itself . . . ." Id. at 2697-98. Because Justice Sotomayor's view is the narrowest ground of the plurality opinion, it constitutes the Court's holding.  See Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (noting that in the absence of a majority opinion, the opinion concurring on the narrowest ground constitutes the Supreme Court's holding); see also United States v. White, 429 F. App'x 43, 47 (2d Cir. 2011) (recognizing Justice Sotomayor's opinion as the "controlling concurrence").

As previously stated, this Court sentenced Defendant to 180-month term of imprisonment based on the parties' Rule 11 (c)(1)(C) agreement, *not* based on the advisory guideline sentencing range, thus rendering Defendant ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant maintains this is not so.  He argues that his sentence was based on the Guidelines (and that he is therefore eligible for a sentence reduction) because his plea agreement sets forth his Guideline range and he was sentenced within that Guideline

range.  He further contends that there is a "practice" in this district of reducing the sentences of defendants who plead under Rule 11(c)(1)(C) agreements that set forth a Guideline range and who are sentenced within that range.

To Defendant's first point, his plea agreement at best reflects the parties' consideration of the applicable Guidelines provisions and conclusion that his total offense level is 32, though Defendant and the government could not agree on his correct criminal history category.  (Docket No. 231.)  But a plea agreement that simply sets forth the parties' consideration of the Guidelines does not make a defendant eligible for a sentence reduction under Freeman or 18 U.S.C. § 3582(c)(2).  Justice Sotomayor recognized as much when she found that "the mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon."  Freeman, 131 S.Ct. at 2697.

This is particularly true in this case, where the plea agreement also provides that, "*notwithstanding the above [Guidelines] calculation*," the parties agree to the imposition of a 180-month sentence.  Defendant seeks to dismiss this as "standard language" in Rule 11(c)(1)(C) plea agreements.  Be that as it may, this language nevertheless directly contradicts the notion that the parties "expressly use[d] a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment."  Id. at 2696.  In fact, it indicates the opposite: the parties agreed on 180 months despite the Guidelines, not based on them.

Moreover, the circumstances of Defendant's plea are dissimilar to those Justice Sotomayor cites as examples of sentences imposed "based on" the Guidelines.  See id.

at 2698. Defendant's plea neither "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" nor "makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 2697-98. Defendant's first argument is therefore rejected.

To Defendant's second point, this Court is unaware of any "practice" or policy in this district of reducing the sentences of defendants who plead under Rule 11(c)(1)(C) agreements that set forth a Guideline range and who are sentenced within that range, and Defendant points to none. In fact, this Court denied a similar motion to reduce sentence and subsequent motion for reconsideration filed by a defendant sentenced under a Rule 11(c)(1)(C) plea. (See United States v. Michael McCall, 11-CR-30S.)

Defendant does, however, point to United States v. Javaughan Parker, 08-CR-254S, a case in which this Court granted a reduction in sentence to a defendant who this Court sentenced based on a Rule 11 (c)(1)(C) plea. But in Parker, the government and the defendant agreed that the defendant was eligible for a sentence reduction, thus the issue of eligibility was not before this Court. Parker is therefore distinguishable.

As this Court previously found, Defendant is not eligible for a sentencing reduction under Freeman or 18 U.S.C. §3582(c)(2), because this Court did not sentence him based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See United States v. Main, 579 F.3d 200, 201 (2d Cir. 2009)(holding that district court is without authority to reduce a sentence under 18 U.S.C. §3582 (c)(2) when the sentence was dictated by a Rule 11 (c)(1)(C) plea agreement, and not the sentencing guidelines); United States v. Brown, No. 04-CR-01016, 2014 WL 2653986, at *2 (E.D.N.Y. June 13, 2014)(post-Freeman decision consistent with Main). For the reasons stated

5

above, Defendant has come forth with no persuasive reason for this Court to reconsider its findings in this regard.  Accordingly, Defendant's Motion for Reconsideration is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Reconsideration (Docket No. 376) is DENIED.

SO ORDERED.

Dated:	January 12, 2016
	Buffalo, New York

                                       <u>/s/William M. Skretny</u>
                                       WILLIAM M. SKRETNY
                                       United States District Judge